```
                                  United States Bankruptcy Court
                                    Northern District of Ohio
In re:                                                                    Case No. 12-19038-aih
Wilfred Cannon                                                            Chapter 13
        Debtor               CERTIFICATE OF NOTICE
District/off: 0647-1           User: mgaug                  Page 1 of 2                Date Rcvd: Mar 26, 2013
                               Form ID: pdf703              Total Noticed: 19
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Mar 28, 2013.
```
db          +Wilfred Cannon,    18408 Windward Road,    Cleveland, OH 44119-1759
21994618    +AHMSI,    P.O. Box 631730,    Irving, TX 75063-0002
21994619    +Buckeye Lending Solutions,    c/o Jefferson Capital Systems, LLC,    P.O. Box 7999,
              Saint Cloud, MN 56302-7999
22199431    +CHECKSMART,    c o Jefferson Capital Systems LLC,    PO BOX 7999,    SAINT CLOUD MN 56302-7999
21994620    +City of Cleveland,    Parking Violations Bureau,    Justice Center - Level Two,
              1200 Ontario Street,    Cleveland, OH 44113-1604
21994622    +Craig D. Jones,    c/o Zeehandelar, Sabatino & Assoc.,    471 East Broad St., Ste. 1500,
              Columbus, OH 43215-3875
21997358    +Credit Acceptance,    25505 West Twelve Mile Rd,    Suite 3000,    Southfield, MI 48034-8331
21994623    +Credit Acceptance Corp.,    25505 West 12 Mile Road,    P.O. Box 513,    Southfield, MI 48037-0513
22029990    +Homeward Residential Inc.,    Bankruptcy Department,    1525 S Beltline Rd, Suite 100-N,
              Coppell, TX 75019-4913
21994625   ++PORTFOLIO RECOVERY ASSOCIATES LLC,    PO BOX 41067,    NORFOLK VA 23541-1067
             (address filed with court: Portfolio Recovery Assoc.,    P.O. Box 12914,    Norfolk, VA 23541)
21994627    +Sears,    Payment Center,    P.O. Box 182149,    Columbus, OH 43218-2149
21994630   #+William Costello, LPA,    3401 Enterprise Pkwy. #406,    Beachwood, OH 44122-7340
21994631    +Zeehandelar, Sabatino & Assoc.,    471 E. Broad Street, Ste. 1500,    Columbus, OH 43215-3875
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
21994621    +E-mail/Text: mahonb@clevelandmunicipalcourt.org Mar 26 2013 22:37:51
              Cleveland Municipal Court,    Office of the Clerk,    1200 Ontario Street, Level Three,
              Cleveland, OH 44113-1610
21994624    +E-mail/Text: mteehan@ffcommunity.com Mar 26 2013 22:36:40      Firefighers Community Credit Union,
              2300 Saint Clair Avenue, NE,    Cleveland, OH 44114-4074
22035000     E-mail/Text: bnc-quantum@quantum3group.com Mar 26 2013 22:37:27
              Quantum3 Group LLC as agent for,    CF Medical LLC,    PO Box 788,    Kirkland, WA  98083-0788
21994626     E-mail/Text: bnc-quantum@quantum3group.com Mar 26 2013 22:37:27
              Quantum3 Group LLC as agent for,    Capio Partners LLC,    P.O. Box 788,    Kirkland, WA 98083-0788
21994628    +E-mail/Text: home.fss-bankruptcy.934c00@statefarm.com Mar 26 2013 22:38:05      State Farm,
              One State Farm Plaza,    Bloomington, IL 61710-0001
21994629     E-mail/Text: hmcgrp@aol.com Mar 26 2013 22:36:41      The HMC Group,
              29065 Clemens Road, Ste. 200,    Westlake, OH 44145-1179
                                                                                              TOTAL: 6

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Mar 28, 2013**                    **Signature:** _Joseph Speetjens_

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 26, 2013 at the address(es) listed below:
              Craig H Shopneck    ch13shopneck@ch13cleve.com, cshopneck13@ecf.epiqsystems.com
              Lee R Kravitz    on behalf of Debtor Wilfred  Cannon leekravitz@sbcglobal.net
                                                                                             TOTAL: 2

**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on March 25, 2013, which may be different from its entry on the record.**

**IT IS SO ORDERED.**

**Dated: March 25, 2013**



ARTHUR I. HARRIS
UNITED STATES BANKRUPTCY JUDGE

# United States Bankruptcy Court
NORTHERN DISTRICT OF OHIO

In re: Wilfred Cannon ) Chapter 13 Case No. 12-19038
) Judge Arthur I. Harris
Debtor )

**CONFIRMATION ORDER**

The Chapter 13 plan in this case came on for confirmation at a hearing before the Court. **A copy of such Plan, together with any applicable amendments or modifications (the "Plan"), is attached to this Order.** Based upon the papers filed in this case, information presented by the Standing Chapter 13 Trustee (the "Trustee") and such other matters, if any, presented by the debtor (or the debtors in a joint case) (the "Debtor"), Debtor's counsel, any objector or any other interested party, the Court finds that:

1. Notice of the confirmation hearing was duly given.
2. The Plan complies with applicable requirements of sections 1322 and 1325 of the Bankruptcy Code.

IT IS THEREFORE ORDERED THAT:
1. The Plan is confirmed.
2. The Debtor shall, until further order of the Court, make the periodic payments called for in the Plan to the Trustee. Except as otherwise permitted, such payments shall be made pursuant to order of the Court on the Debtor's employer.
3. Secured creditors shall retain their liens. If this case is either dismissed or converted to a Chapter 7 case, the property vesting in the Debtor by reason of this confirmation order shall remain subject to the liens existing at the time of the filing of the case subject to adjustments in respect of amounts paid under the Plan.
4. The Debtor shall not incur additional debt exceeding $500 in the aggregate without notice to the Trustee and the approval of the Court.
5. The Debtor shall not transfer any interest in real property without the Court's approval.
6. The attorney for the Debtor is allowed a total fee of $3,000.00, of which $300.00 has been paid. The balance of $2,700.00 shall be paid by the Trustee from the monies received under the Debtor's Plan at the rate of one-twelfth of the balance due per month during the first year of the Plan.
7. The administrative expenses of the Trustee shall be paid in full pursuant to sections 503(b) and 1326(b)(2) of the Bankruptcy Code and 28 U.S.C. § 586(e)(1)(B).

By submitting this form, the Chapter 13 Trustee certifies that the wording of this form is identical in all respects to the official form.

Submitted by:
/S/ Craig Shopneck
CRAIG SHOPNECK (#0009552)
Chapter 13 Trustee
200 Public Square, BP Tower Suite 3860
Cleveland OH 44114-2321
Phone (216) 621-4268     Fax (216) 621-4806
Ch13shopneck@ch13cleve.com

**SERVICE LIST**

Craig Shopneck, Chapter 13 Trustee
(served via ECF)

Office of the U.S. Trustee
(served via ECF)

Lee R Kravitz, Attorney for Debtor
(served via ECF)

Wilfred Cannon, Debtor
18408 Windward Road
Cleveland OH 44119


CS/bas
03/22/13




###

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 12-19038 |
| | ) | |
| WILFRED CANNON | ) | CHAPTER 13 PROCEEDINGS |
| | ) | |
| Debtor(s) | ) | JUDGE ARTHUR I. HARRIS |
| | ) | |
| | ) | MOTION TO MODIFY CHAPTER 13 PLAN |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

    Now comes Wilfred Cannon, Debtor, and hereby moves this Court for an Order modifying his Chapter 13 Plan in accordance with the Trustee's recommendations and/or in satisfaction of Objections of creditors to the Debtor's Chapter 13 Plan. The amended Plan is attached hereto.

    WHEREFORE, the Debtor prays that this Court enter an Order granting the Motion to Modify the Chapter 13 Plan.

    Respectfully submitted,

/s/Lee R. Kravitz 0025634
Lee R. Kravitz (Reg. #0025634)
Attorney for Debtor(s)
4508 State Rd.
Cleveland, OH 44109
216-749-0808
Fax No. 216-749-5389
Email: leekravitz@sbcglobal.net

CERTIFICATE OF SERVICE

A copy of the foregoing was served on December 27, 2012, via regular U.S. Mail, postage prepaid, upon the following:

Craig Shopneck, Esq.
Office of Chapter 13 Trustee
BP Tower
200 Public Square, Ste. 3860
Cleveland, OH 44114
(via ECF – ch13shopneck@ch13cleve.com, cshopneck13@ecf.epiqsystems.com)

Wilfred Cannon
18408 Windward Road
Cleveland, OH 44119
(via regular U.S. mail – postage prepaid)

And all creditors – via regular U.S. mail – postage prepaid:

AHMSI
P.O. Box 631730
Irving, TX 75063-1730

Buckeye Lending Solutions
c/o Jefferson Capital Systems, LLC
P.O. Box 7999
Saint Cloud, MN 56302

City of Cleveland
Parking Violations Bureau
Justice Center - Level Two
1200 Ontario Street
Cleveland, OH 44113

Cleveland Municipal Court
Office of the Clerk
1200 Ontario Street, Level Three
Cleveland, OH 44113

Craig D. Jones
c/o Zeehandelar, Sabatino & Assoc.
471 East Broad St., Ste. 1500
Columbus, OH 43215

1

Credit Acceptance Corp.
25505 West 12 Mile Road
P.O. Box 513
Southfield, MI 48037

Firefighers Community Credit Union
2300 Saint Clair Avenue, NE
Cleveland, OH 44114

Portfolio Recovery Assoc.
P.O. Box 12914
Norfolk, VA 23541

Quantum3 Group LLC as agent for
Capio Partners LLC
P.O. Box 788
Kirkland, WA 98083-0788

Sears
Payment Center
P.O. Box 182149
Columbus, OH 43218

State Farm
One State Farm Plaza
Bloomington, IL 61710

The HMC Group
29065 Clemens Road, Ste. 200
Westlake, OH 44145-1179

William Costello, LPA
3401 Enterprise Pkwy. #406
Beachwood, OH 44122

Zeehandelar, Sabatino & Assoc.
471 E. Broad Street, Ste. 1500
Columbus, OH 43215

/s/Lee R. Kravitz 0025634_____
Lee R. Kravitz
Attorney for Debtor(s)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION (CLEVELAND)

In Re: ) Chapter 13 Case No.: 12-19038
    WILFRED CANNON )
) Judge Arthur I. Harris
)
        Debtor(s). )     Original Chapter 13 Plan 12/11/12
) X Modified Chapter 13 Plan, dated 12/26/12

*******************************************************************************

**NOTICE: (Check One)**
    This plan **DOES NOT** include any provision deviating from the uniform plan in effect at the time of the filing of this case.

X This plan **DOES** contain special provisions that must be and are set forth in paragraph 11 below.

**YOUR RIGHTS WILL BE AFFECTED**. You should read this plan carefully and discuss it with your attorney. Anyone who wishes to oppose any provision of this plan must file with the court a timely written objection. This plan may be confirmed and become binding without further notice or hearing unless a timely written objection is filed. **Creditors must file a proof of claim with the court in order to receive distributions under this plan.**
_____

1. **PAYMENTS**
**A.** Within 30 days of the filing of this bankruptcy case, the Debtor or Debtors ("Debtor") shall commence making payments to the Chapter 13 Trustee (the "Trustee") in the amount of $1,161.00 per month (the "Plan Payment").

**B.** The Plan Payment shall include sufficient funds to cover conduit payments and pre-confirmation adequate protection payments paid by the Trustee. Trustee may increase the Plan Payment during the term of the plan as necessary to reflect increases, if any, in any Conduit Payments paid by the Trustee.

2. **DISTRIBUTIONS**
**A.** After confirmation of this plan, funds available for distribution will be paid monthly by the Trustee in the following order: (i) Trustee's authorized percentage fee and/or administrative expenses; (ii) attorney fees as allowed under applicable rules and guidelines; (iii) conduit payments as provided for in paragraph 3(C); (iv) monthly payments as provided for in paragraphs 3(A), 3(B), 4(A), 4(B) and 9; (v) priority domestic support obligation claims pursuant to 11 U.S.C. §507(a)(1); (vi) other priority unsecured claims pursuant to 11 U.S.C. §507(a); and (vii) general unsecured claims.

**B.** If the Trustee has received insufficient funds from the Debtor to make the conduit payment, the Trustee may accumulate funds until sufficient funds are available for distribution of a full monthly payment. If the Trustee has received insufficient funds from the Debtor to make the fixed monthly payment to secured creditors in subsection A (iv) of this paragraph, the Trustee may pay these secured creditor claims on a pro-rata basis.

**C.** Unless a claim objection is sustained, a motion to value collateral or to avoid a lien is granted, or the court otherwise orders, distributions on account of claims in paragraphs 3(A), 3(C), 4(A), 5, 6, 7 and 9 will be based upon the classification and amount stated in each claim holder's proof of claim rather than any classification or amount stated in this plan.

3. **CLAIMS SECURED BY REAL PROPERTY**
**A. Mortgage Arrearages and Real Estate Tax Arrearages**

3

Trustee shall pay the monthly payment amount to allowed claims for mortgage arrearages and real estate tax arrearages. Note: If the Trustee will not be making the continuing mortgage payments, the Debtor is responsible for paying all post-petition mortgage payments that ordinarily come due beginning with the first payment due after the filing of the case.

| Creditor | Property Address | Estimated Arrearage Claim | Monthly Payment on Arrearage Claim (Paid by Trustee) |
|---|---|---|---|
| AHMSI | 18408 WINDWARD | $6,800.00 | PRO RATA |

**B. Other Real Estate Claims**

Trustee shall pay the monthly payment amount to creditors up to the amount specified below to be paid through the plan. The portion of any allowed claim that exceeds the amount to be paid through the plan shall be treated as an unsecured claim.

| Creditor | Property Address | Amount to be Paid Through the Plan | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|---|---|
| | | | | |

**C. Conduit Payments**

Trustee shall pay the regular monthly mortgage payments beginning with the first payment due after the filing of the case, subject to changes due to escrow, interest and other adjustments. Note: If the Trustee is making the continuing monthly mortgage payments, the mortgage creditor must also be listed in paragraph 3(A) above. Unless real estate taxes and insurance are included in the mortgage payments to be paid by the Trustee pursuant to the Plan, the Debtor shall remain responsible for paying those obligations as they become due.

| | | | For each mortgage listed, indicate with a "yes" or "no" if the mortgage payment includes: | |
|---|---|---|---|---|
| Creditor | Property Address | Monthly Payment (Paid by Trustee) | Property Insurance | Real Estate Taxes |
| AHMSI | 18408 WINDWARD | $747.44 | YES | YES |

**4. CLAIMS SECURED BY PERSONAL PROPERTY**

**A. Secured Claims to be Paid in Full Through the Plan:**

Trustee shall pay the following claims in full and in equal monthly payments.

| Creditor | Collateral Description | Estimated Claim Amount | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|---|---|
| **CREDIT ACCEPTANCE** | **2005 GMC ENVOY** | **$12,380.00** | **4.25%** | **$235.00** |

**B. Secured Claims NOT to be Paid in Full Through the Plan:**

Claims specified below are debts secured by personal property not provided for in paragraph 4(A) above. Trustee shall pay the allowed claims the secured amount with interest and in equal monthly payments as specified below. The portion of any allowed claim that exceeds the secured amount will be treated as an unsecured claim. Upon confirmation, the secured amount and interest rate specified below, or as modified, will be binding under 11 U.S.C. §1327 unless a timely written objection to confirmation is filed and sustained by the court.

| Creditor | Collateral Description | Secured Amount | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|---|---|
| | | | | |

**C. Pre-confirmation Adequate Protection Payments:**

Trustee shall pay the monthly payment amount to creditors for pre-confirmation adequate protection as specified below.

| Creditor | Collateral Description | Monthly Payment (Paid by Trustee) |
|---|---|---|
| CREDIT ACCEPTANCE | 2005 GMC ENVOY | $100.00 |

4

**5. DOMESTIC SUPPORT OBLIGATIONS**
Debtor   - does   x- does not    have domestic support obligations under 11 U.S.C. §101(14A).

**A.** Trustee shall pay under 11 U.S.C. §507(a)(1) on a pro-rata basis the allowed arrearage claims for domestic support obligations. Debtor shall pay all post-petition domestic support obligations as those payments ordinarily come due.

| Creditor Name | Creditor Address | Estimated Arrearage Claim |
|---|---|---|
| | | |

**B.** Specify the holder(s) of any claims for domestic support obligations under 11 U.S.C. §1302(d) if different than the creditor(s) shown in paragraph 5(A) above. If the holder of a claim is a minor, the name and address of the minor holder shall be disclosed to the Trustee contemporaneously with the filing of this plan in compliance with 11 U.S.C. §112.

| Holder Name | Address & Telephone |
|---|---|
| | |

**6. OTHER PRIORITY CLAIMS**
Trustee shall pay under 11 U.S.C. §507(a) on a pro-rata basis other allowed unsecured priority claims.

| Creditor | Estimated Claim Amount |
|---|---|
| | |

**7. GENERAL UNSECURED CLAIMS**
Debtor estimates the total of the non-priority unsecured debt to be $ 81,192.44 Trustee will pay to creditors with allowed non-priority unsecured claims a pro-rata share of $ 0.00 or 0%, whichever is greater.

**8. PROPERTY TO BE SURRENDERED**
Debtor surrenders the following property no later than 30 days from the filing of the case unless specified otherwise in the plan. The creditor may file a claim for the deficiency and will be treated as a non-priority unsecured creditor. Any unsecured deficiency claim must be filed by the bar date for claims or allowed by separate order of the court.

| Creditor | Property Description |
|---|---|
| | |

**9. EXECUTORY CONTRACTS AND UNEXPIRED LEASES**
All executory contracts and unexpired leases are rejected except the following, which are assumed. Trustee shall pay the monthly payment amount to allowed claims for executory contract arrearages and unexpired lease arrearages. Debtor shall pay all post-petition payments that ordinarily come due beginning with the first payment due after the filing of the case.

| Creditor | Property Description | Estimated Arrearage Claim | Monthly Payment (Paid by Trustee) |
|---|---|---|---|
| | | | |

5

**10. OTHER PLAN PROVISIONS**
(a) Property of the estate shall revest in the Debtor  X- upon confirmation.  ☐ upon discharge, dismissal or completion.  If the Debtor has not marked one of the boxes, property of the estate shall revest in the Debtor upon confirmation.  If the Debtor has elected to have property of the estate revest in the Debtor upon discharge or dismissal, the Debtor must maintain adequate insurance of all property in the estate.  Unless otherwise ordered, the Debtor shall remain in possession of all property of the estate during the pendency of this case.

(b) The treatment of the claims of creditors as set forth in this plan shall become absolute upon confirmation, under 11 U.S.C. §1327.  Therefore, if a creditor or contract party named herein objects to this plan, including the valuation of security, interest to be paid, and the treatment of executory contracts and unexpired leases, a formal objection to confirmation must be timely filed with the court.

(c) This plan incorporates 11 U.S.C. §1325(a)(5)(B)(i) with respect to each allowed secured claim provided for by this plan.

(d) Notwithstanding the automatic stay, creditors and lessors provided for in paragraphs 3(A), 3(C), and 9 of this plan may continue to mail customary notices or coupons to the Debtor.

**11. SPECIAL PROVISIONS**
This plan shall include the provisions set forth in the boxed area below.  **Note: The provisions set forth below will not be effective unless there is a check in the second *notice box* preceding paragraph 1.**  Further, these provisions should not contain a restatement of the Bankruptcy Code, Federal Rules of Bankruptcy Procedures, Local Bankruptcy Rules or case law.

> THE DURATION OF THIS PLAN WILL BE EQUAL TO THE APPLICABLE COMMITMENT PERIOD, WHICH IS 36 MONTHS.

/s/Wilfred Cannon
Wilfred Cannon

Date: 12/26/12               /s/Lee R. Kravitz #0025634
                              ATTORNEY FOR DEBTOR

Effective: August 10, 2009/td

6